# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Ronald Lee Tsosie,**<br>Defendant/Movant | CV-10-8095-PCT-EHC (JRI)<br>CR-94-0031-PHX-EHC<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 9, 2010 (Doc. 1). On August 10, 2010 Respondent filed its Response (Doc. 4). Movant filed a Reply on October 8, 2010 (Doc. 10).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

On January 25, 1994, Movant was indicted by a federal grand jury in a ten count indictment charging him with one count of assault with a dangerous weapon with the intent to do bodily harm, and nine counts of aggravated sexual abuse. (CR Doc. 9, Indictment.) (The docket in the underlying criminal case, CR-94-031-PHX-EHC, is referenced herein as "CR Doc. ___".) The charges arose out of allegations that Movant, a Navajo Indian, had

- 1 -

entered the home of his neighbor, a nurse-midwife with the Fort Defiance Public Health Service, hit her in the head with a claw hammer, bound her, and repeatedly raped her over a four hour period, before finally leaving.

After a jury trial, Movant was convicted on all charges, and was sentenced to *inter alia* 60 months in prison on the assault, and concurrent sentences of 235 months in prison on each of the sexual abuse counts. (CR Doc. 92, Judgment.)

## B.  PROCEEDINGS ON DIRECT APPEAL

Movant filed a direct appeal with the Ninth Circuit Court of Appeals, raising claims of judicial bias, abuse of discretion in closing argument, failure to excuse a biased juror, failure to grant a sentencing reduction for acceptance of responsibility, sentencing error in considering injury to victim's head, sentencing error in calculation of credits for time in custody and increases based on injury to the victim. On April 5, 1996, the Court of Appeals filed its Memorandum Decision, rejecting all of the claims, and affirming the district court's judgment. (Response, Doc. 4, Exhibit A, Mem. Dec. 4/5/96.)

Although the records have not been provided, the parties agree that Movant filed a certiorari petition with the United States Supreme Court on August 26, 1996, which was not denied until October 1996. (Motion, Doc. 1 at 2-3; Response, Doc. 4 at 3.)

## C.  PRESENT MOTION TO VACATE

**Motion** - Movant commenced the current case by filing his Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 on June 9, 2010 (Doc. 1). Movant alleges four grounds for relief:

> (1) "Fourth Amendment violation in the D.N.A. evidence seized by the Navajo Nation when the chain of custody was broke[n] when the Federal Government obtained custody[,] [r]esulting in the validity of the evidence. Also[,] the illegal seizure of Tribal property when the Federal Government denied the Navajo Nation extradition procedure to rec[ei]ve notice as required by the laws of both governments, and the Navajo Treaty";
>
> (2) "Violation of Fifth Amendment when I was tried and convicted in

> Tribal Court by pleading guilty with the assumption that all court proceedings w[ere] done. Instead[,] I incriminated myself by taking a plea bargain which was used against me in Federal Court. Procedural due process was violated pursuant to Rule 5(a) with 'unnecessary delay' by letting the Navajo Nation prosecute me, so the Government could convict me eight months later for the same thing with the same evidence and witnesses used in Tribal Court";
>
> (3) "Sixth Amendment violation of my right to a speedy trial[,] to have an impartial jury and judge[, and] effective assistance of counsel"; and
>
> (4) "Violation of the Navajo Treaty of June 1, 1868 [15 Stat 667-68] provides in part[:] [i]f bad men among the Indians shall commit a wrong or depredation upon the person or property of anyone WHITE, Black, or Indian subject to the authority of the United States[;] [t]he Navajos agree that, they will on proof made and on notice deliver up the wrongdoer to the United States[,] [t]o be tried and punished to it[]s laws - Major Crimes Act."

(Doc. 3, Service Order 6/30/10 at 2.)

**Response** - On August 10, 2010, Respondents filed their Response (Doc. 4). Respondents argue that the Motion is barred by the statute of limitations, and the claims are procedurally defaulted and without merit.

**Reply** - On October 8, 2010, Movant filed a Reply (Doc. 10), arguing that his conviction was final before the AEDPA's effective date, and his actual innocence avoids any procedural default.

### III. APPLICATION OF LAW TO FACTS

#### A. TIMELINESS

Respondent argues Movant's Motion is barred by the AEDPA's statute of limitations on habeas proceedings.

#### 1. Statute of Limitations

**One Year Limitation** - As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year time limit for all applications for writs of habeas corpus. P.L. 104-132, at §§ 101 & 105. The statute of limitations applicable to habeas proceedings by federal prisoners has been codified at 28 U.S.C. § 2255(f), which

provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;

**Commencement of One Year** - A federal habeas petitioner's time to file under 28 U.S.C. §2255 generally begins to run on "the day on which the judgment of conviction becomes final." 28 U.S.C. §2255 (1). Although §2255 does not define "final", the Supreme Court has applied its ordinary standard of finality. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

Here, Movant did file a certiorari petition, which was not denied until October 1996. (Motion, Doc. 1 at ; Response, Doc. 4 at 2-3.) Thus, his one year did not commence to run until after the denial of certiorari petition in October, 1996.

**Applicability to Prior Convictions** - Movant argues that he is not subject to the statute of limitations because his conviction became final prior to the adoption of the AEDPA on April 24, 1996. Indeed, Movant's direct appeal was decided on April 5, 1996. However, Movant contends that he filed a certiorari petition with the U.S. Supreme Court which was not resolved until August, 1996, long after the AEDPA's effective date. Accordingly, Petitioner is subject to the AEDPA's statute of limitations.

Even if Movant's judgment were final prior the AEDPA's adoption on April 24, 1996, that would not exempt Movant from the statute of limitations, but would entitled him to a one year grace period from the adoption of the AEDPA. *U.S. v. Schwartz*, 274 F.3d 1220, 1222 (9th Cir. 2001). Thus, assuming Movant's conviction became final prior to the AEDPA, his one year would have begun to run on April 24, 1996.

Because it does not affect the outcome, the undersigned gives Movant the benefit of the doubt, and presumes for purposes of this Report & Recommendation that the conviction became final in October, 1996, and began to run thereafter.

**Newly Discovered Facts** - Section 2255 provides for a later commencement of the

statute of limitations of "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added).

Movant attempts to explain his failure to exhaust his direct appeal remedies by asserting that he first had to learn the applicable laws. (Motion, Doc. 1 at 5 ("issue didn't come to my attention till I learned about the laws and took computer courses to research the law"), 6 ("just found out my rights was violated...As I had to learn the mechanism of the legal system"), 7 ("I just found out my Bill of Rights was violated, where I had to learn the laws"), and 8 ("I didn't know the 'Bad Men' clause in the Navajo Treaty was violated"). In each instance, however, Movant does not point to the recent discovery of any new facts. In essence, he simply argues that he didn't know the law that made those facts relevant.

"[P]aragraph four of § 2255[(f)] is only triggered when a defendant discovers facts, not the legal consequences of those facts." *U.S. v. Pollard,* 161 F.Supp.2d 1, 10 (D.D.C. 2001). *See also Barreto-Barreto v. U.S.,* 551 F.3d 95, 100, n. 4 (1st Cir. 2008) ("the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"). *Cf. Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time [for state prisoner's federal habeas petition] begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.")(quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000)); and *U.S. v. Shelton*, 459 F.2d 1005, 1006-1007 (9th Cir. 1972) ("While the term "newly discovered evidence" as used in [Fed. R. Crim. Proc.] 33 is often 'evidence only in a loose sense', it has not been extended to 'discovery' of a new issue of law.").

Accordingly, Movant is not entitled to a delayed start of his limitations period under 28 U.S.C. § 2255(f)(4).

**Expiration of One Year** - Movant's one year began to run no later than October 1996, and expired one year later in October 1997.

**Filing Date** - Movant's Motion (Doc. 1) was filed June 9, 2010, over thirteen and one-half years after his one year had expired.

Arguably, Movant is entitled to the "prisoner mailbox rule," which deems a prisoner's petitions filed as of the time they are delivered to prison officials for filing. *See Stillman v. LaMarque,* 319 F.3d 1199 (9th Cir. 2003). Movant's Motion (Doc. 1) was dated June 6, 2010, making that the earliest possible "mailing" date, and leaving it untimely even with application of the mailbox rule.

### 2. Equitable Considerations

**Equitable Tolling** - Movant argues that he is entitled to equitable tolling because he was *pro se* and untrained, and unable to obtain assistance. (Motion, Doc. at 9.) In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit held the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled. To be entitled to such tolling, Movant must "demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *Id.* at 1197 (quoting *Laws v. LaMarque,* 351 F.3d 919, 922 (9th Cir. 2003)).

Movant's lack of legal training does not entitle him to equitable tolling; "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999).

Nor does Movant's lack of legal assistance. "It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Moreover, Movant offers nothing to show that his circumstances were "extraordinary" so as to justify application of equitable tolling. Indeed Movant's plight is no different than most habeas petitioners. For example, Movant does not assert that he suffered some unusual mental disability that would justify the expansive delay. Nor does he suggest that he was

somehow duped into believing that he would be provided assistance in filing.

Rather, Movant simply took a very long time to craft his Motion.

Further, Movant offers nothing to suggest that but for his circumstances he would have filed in a timely manner, e.g. by October, 1997. Movant does not suggest that he had undertaken to file while the statute was still running, but was unable to complete the task before the statute ran. When equitable tolling applies, its effect is simply to suspend the running of the statute of limitations. *Benge v. U.S.*, 17 F.3d 1286, 1289 (10th Cir. 1994). The application of equitable tolling does not mean that the limitations period begins over again. *Id.* Equitable tolling does not operate to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir.2008); and *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.2003).

**Actual Innocence** - In response to Respondent's assertion that Movant has procedurally defaulted his claims, Movant argues that he is actually innocent.

In *Lee v. Lampert*, --- F.3d ----, 2011 WL 3275947 (9th Cir. 2011)(*en banc*) the Ninth Circuit joined the Sixth, Tenth and Eleventh Circuits and held that the AEDPA's statute of limitations is subject to an equitable exception in cases of actual innocence, as defined in *Schlup v. Delo*, 513 U.S. 298 (1995).

> In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error."
> To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." As we have previously said, "where post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the *Schlup* gateway to allow consideration of otherwise barred claims."
> *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The habeas

> court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. On this complete record, the court makes a " 'probabilistic determination about what reasonable, properly instructed jurors would do.' "

*Lee,* 2011 WL 3275947, 6. Movant has not argued that his actual innocence should excuse his delinquency. Nonetheless, in light of the intervening decision in *Lee*, the undersigned addresses Movant's claim of actual innocence.

Movant's claim of actual innocence must be rejected, because Movant does not point to any "new reliable evidence...that was not presented at trial." *Id.* at *6.

To the contrary, Movant simply points to a series of testimony at trial, and argues its inconsistencies. For example, Movant complains that the victim's identification is not reliable because she did not immediately identify Movant and her descriptions of the perpetrator were different than him. (Reply, Doc. 10 at 4.) Movant complains about the lack of evidence of his hair at the scene, that when apprehended he didn't have the shirt described by the victim nor the money stolen from her. (*Id.* at 5.) He complains that the unidentified fingerprints in the victim's home were not his, and he had admitted being on the property and taking the victim's vehicle. (*Id.*) He argues that the "Government[']s scientific evidence was far from conclusive," and points to a number of inconsistencies. (*Id.* at 6.) He complains that the Government's Response contains factual errors. (*Id.* at 6-7.) In connection with his Fourth Amendment claim, he complains that there was a break in the chain of custody in the serology evidence, and a dispute between the Government's and the defense's experts about whether Movant was implicated by the serological evidence. (*Id.* at 9-13.) In each instance, Movant does not assert any new evidence, but simply references the trial transcript.

As Chief Judge Kozinksi observed in his special concurrence in *Lee v. Lampert*, "[t]he Court certainly did not hold that a petitioner may invoke *Schlup* whenever he wants a trial do-over. 2011 WL 3275947, *14. Movant assertion of actual innocence is simply a request for just such a trial do-over

Movant has failed to show his actual innocence. Moreover, Movant has failed to proffer any new reliable evidence that would be adduced at an evidentiary hearing sufficient

to entitle him to a hearing on the issue.

### 3. Conclusion

Movant's motion is untimely under the limitations period contained in 28 U.S.C. § 2255, and Movant has failed to show that he is entitled to equitable tolling or to proffer new reliable evidence that he is actually innocent. Therefore, the Motion must be dismissed with prejudice.

### B. OTHER DEFENSES

In addition to relying on the statute of limitations, Respondent argues that Movant's claims are procedurally defaulted and are without merit. Because the undersigned concludes that Movant's Motion is plainly barred by the statute of limitations, these other defenses are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255. The recommendations if accepted will result in Movant's Motion to Vacate being resolved adversely to Movant. Accordingly, a decision on a certificate of Appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court=s assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 9, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

| | |
|---|---|
| 1 | which to file specific written objections with the Court. *See also* Rule 10, Rules Governing |
| 2 | Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to |
| 3 | file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise |
| 4 | permitted by the Court, an objection to a Report and Recommendation shall not exceed ten |
| 5 | (10) pages. Failure to timely file objections to any findings or recommendations of the |
| 6 | Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of |
| 7 | the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), |
| 8 | and will constitute a waiver of a party's right to appellate review of the findings of fact in an |
| 9 | order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins* |
| 10 | *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007). |

DATED: August 22, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-8095-001r RR 11 08 15 on MVacate.wpd

- 11 -