**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff/Respondent,<br><br>vs.<br><br>Ronald Lee Tsosie,<br><br>  Defendant/Movant. | No. CV-10-8095-PCT-PGR (JRI)<br>No. CR-94-0031-PCT-PGR<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Irwin in light of the movant's Opposition to Report and Recommendation Brief (Doc.24) and the Government's Response to Defendant's Objections to the Magistrate's Report and Recommendation (Doc. 25), the Court finds that the movant's objections should be overruled because the Magistrate Judge properly concluded that the movant's federal habeas petition, filed pursuant to 28 U.S.C. § 2255, must be dismissed as time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, the limitations period for the movant's § 2255 motion commenced running on October 7, 1996, the date on which the movant's conviction became final as a result of the Supreme Court's denial of his petition for a writ of certiorari, and it expired one

year later. 28 U.S.C. 2255(f)(1). The movant's § 2255 motion, which is dated June 6, 2010, was not filed until June 9, 2010, some 12½ years after the expiration of the limitations period.[1]

The movant argues in part that the limitations period should be equitably tolled. Although the AEDPA's one-year statute of limitations may be equitably tolled in appropriate circumstances, Holland v. Florida, _ U.S. _, 130 S.Ct. 2549, 2560 (2010), the application of equitable tolling is a rarity due to the very high threshold needed to trigger it. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). A § 2255 movant is entitled to equitable tolling only if he meets his heavy burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S.Ct. at 2562. The movant is not entitled to equitable tolling because he has not met either prong.

While the movant need not show "maximum feasible" diligence in order to meet his burden as to the first prong, he must show that he used "reasonable" diligence. *Id.* at 2565. In his objections to the Report and Recommendation, the

---

[1] While the movant indicates in his § 2255 motion that he is relying on the limitations period set forth in 28 U.S.C. § 2255(f)(4), which provides that the one-year limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence[,]" the Courts concurs with the Magistrate Judge that this section is inapplicable to the facts of this case because the gist of the movant's argument is not that he did not know, or could not have known, the factual predicates for his claims prior to the one year anniversary of the date his conviction became final, but that he did not discover until thereafter the legal significance of the facts previously known to him. For example, he states in his § 2255 motion that he did not present the issue raised in his First Ground on direct appeal because "[t]his issue didn't come to my attention till I learned about the laws and took computer courses to research the laws." He uses a variation of this lack of legal knowledge excuse to explain his failure to raise on direct appeal any of the other three grounds for relief set forth in his motion.

movant cursorily submits that he pursued his rights diligently for the past thirteen years in that he was "learning the basics of the legal system and trying to learn how to work a computer" and that he "had a very high bar, as he had to learn the law, scientific evidence, Indian laws and policies and the basic Federal Rules of the Courts." The Court agrees with the Magistrate Judge that the movant has not sufficiently demonstrated that he exercised reasonable diligence in pursuing his post-conviction relief rights over the course of the long time period at issue.

In order to meet his burden as to the second prong, the movant must show not only the existence of some external extraordinary circumstance beyond his control, but also that there is a casual connection between the extraordinary circumstance and the untimeliness of his § 2255 motion, *i.e.*, that the extraordinary circumstance made it impossible for him to file his motion on time. Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir.2010). The movant asserts in his objections that the Bureau of Prisons' failure to provide him with certain legal materials he considers to be essential to his case, such as federal Statutes at Large, the Federal Register, and materials on Indian law related to the Navajo Treaty and the Major Crimes Act, constitutes the requisite extraordinary circumstance.[2] While the deprivation of essential legal materials may in some circumstances constitute an external impediment justifying equitable tolling, Waldron-Ramsey v. Pacholke, 556 F.3d at 1013, the Court agrees with the Magistrate Judge that the movant has failed to make the requisite showing that any lack of access to the noted legal materials made it actually impossible for him

---

[2] The movant also states in his objections that he was able at some unspecified time to obtain from sources outside of the prison some of the legal materials he wanted.

to file a timely § 2255 motion. The movant's lack of legal training or ignorance of the law is insufficient to excuse his more than twelve year delay in filing his § 2255 motion. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")

The movant, relying on Schlup v. Delo, 513 U.S. 298 (1995), further argues that his § 2255 motion should be resolved on its merits because it is not subject to the AEDPA's limitations period inasmuch as he is actually innocent of the crimes for which he was convicted. A credible claim of actual innocence can constitute an equitable exception to the AEDPA's limitations period. Lee v. Lambert, 653 F.3d 929, 932 (9th Cir.2011) (en banc). However, in order to present otherwise time-barred claims to a federal habeas court under Schlup, the movant has the heavy burden of producing "new reliable evidence - whether it be exculpatory scientific evidence, trust-worthy eyewitness accounts, or critical physical evidence - that was not presented at trial" that so strongly shows his actual innocence "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 938 (quoting Schlup. 513 U.S. at 324 and 327). The Court agrees with the Magistrate Judge that the movant is not entitled to the equitable exception for actual innocence because he has failed to even proffer, much less produce, any post-conviction evidence that would permit him to pass through the Schlup gateway. Rather, his claim of actual innocence rests on allegedly inconsistent trial evidence that was considered and rejected by the jury. The Supreme Court has made it clear that "actual innocence means factual innocence, not mere legal inconsistency." Bousley v. United

States, 523 U.S. 614, 623 (1998); "it certainly did not hold that a petitioner may invoke Schlup whenever he wants a trial-do-over." Lee v. Lambert, 653 F.3d at 946 (Kozinski, C.J., concurring).

Since the Court has not reached the merits of the movant's underlying constitutional claims given that it is denying his § 2255 motion on the procedural ground that the motion was untimely filed, the movant is entitled to a certificate of appealability only if he has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that a certificate of appealability should not issue because the movant has not made that requisite showing. The Court further concludes that the movant should not be allowed to appeal *in forma pauperis*. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc.17) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the movant Ronald Lee Tsosie's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that the movant's request for the issuance of a Certificate of Appealability (Doc. 27) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 14th day of November, 2011.

Paul G. Rosenblatt
United States District Judge